UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CASE NO.: 1:07-CR-16-M

UNITED STATES                                                                                       PLAINTIFF

V.

ROBERT MICHAEL BROWN                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by the Defendant, Robert Michael Brown, to suppress all evidence obtained by police at his farm in Olmstead, Kentucky. [DN 11]. Following an evidentiary hearing, this matter is ripe for decision. For the following reasons, the Defendant's motion is **DENIED**.

## I. FACTS

On September 6, 2006, police went to the property of the Defendant in Olmstead, Kentucky, with a search warrant authorizing a search of the house and barn on the property. The search warrant was issued based on the affidavit of Bob Link, an officer with the South Central Kentucky Drug Task Force. In the affidavit, Link stated that he had received information from a reliable source stating that marijuana was growing on the farm belonging to the Defendant and that, acting on that information, he and two other agents had personally observed marijuana growing in close proximity to the house and barn on the property.

When police arrived on the property, they first searched the house and barn. At that time, the Defendant was restrained in handcuffs, so that police could secure the scene, and he was informed of his constitutional rights. While restrained, the Defendant admitted that he knew what growing marijuana looked like, but denied that any of the growing marijuana on the farm belonged

to him. During the search of his property, the police found a small amount of marijuana in the house and none in the barn. However, approximately 300 marijuana plants were found growing in open fields on the Defendant's farm.

## II. DISCUSSION

The Defendant argues that the physical evidence obtained by the police at the Defendant's farm on September 5, 2006, should be suppressed because 1) the affidavit was not sufficient since the confidential source who gave the police information was not reliable; and 2) the police exceeded the scope of the search warrant when they searched the fields on the Defendant's farm. The Defendant also argues that the statements he made to the police during their search should be suppressed because they were involuntarily made and in violation of Miranda v. Arizona, 384 U.S. 436 (1966). The Court will address each of these arguments in turn.

**A. Sufficiency of the Affidavit**

In determining whether an affidavit establishes probable cause to issue a search warrant, the task of the issuing magistrate or judge is to determine, given all the circumstances set forth in the affidavit before him, whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). When reviewing whether the search warrant should have been issued, the "duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Gates, 462 U.S. at 238-239 (alterations and quotations omitted). An affidavit may be based on the direct personal observations of a law enforcement officer or on a confidential informant's hearsay, so long as the issuing judge is reasonably assured that the informant was credible and the information reliable. United States v. Williams, 224 F.3d 530, 532 (6th Cir. 2000).

Here, the affidavit was based upon information given to police by a confidential informant that that there was marijuana growing on the Defendant's farm. This information was corroborated independently by the police who themselves observed marijuana growing on the Defendant's farm. During their observation, the police further noted that some of the marijuana plants were growing in close proximity to the house and that there were foot paths from the house to the marijuana patches. Based upon this information, which was included in the affidavit, the Court concludes that the magistrate had a substantial basis for concluding that it was probable that evidence of a crime would be found in the house and/or barn on the Defendant's property.

**B. The Scope of the Search Warrant**

The Defendant next argues that even if the search warrant was valid as to the house and barn, the officers exceeded the scope of the warrant when they searched the rest of his farm and seized evidence located thereon. Accordingly, the Defendant argues that any evidence seized on the farm itself, and not found within his home or the barn, should be suppressed. However, the Supreme Court has held that because no legitimate expectation of privacy exists in open fields, the Government's intrusion onto open fields without a search warrant is not an unreasonable search prohibited by the Fourth Amendment. Oliver v. United States, 466 U.S. 170 (1984) (see also Widgren v. Maple Grove Twp., 429 F.3d. 575 (6th Cir.2005); United States v.Rapanos, 115 F.3d 367, 372 (6th Cir. 1997)). Open fields include any unoccupied or undeveloped area outside of the curtilage, including thickly wooded areas. Widgren, 429 F.3d at 579; Rapanos, 115 F.3d at 373. Thus, even though the warrant did not specifically permit the officers to search the fields on the farm, the officers were entitled to search them without a warrant under the open fields doctrine.

The remaining question, then, is whether the open fields doctrine permitted the officers to

seize the 300 marijuana plants growing in the fields of the farm. In Rapanos, the Sixth Circuit noted that the open fields doctrine, as it is called, had never been extended beyond observation searches, and that, therefore, officers usually obtained a warrant before actually seizing evidence- such as illegal drugs - observed in open fields. Id. at 373-374 (citing Husband v. Bryan, 946 F.2d 27, 29 (5th Cir. 1991); United States v. Dunn, 480 U.S. 294, 298 (1987); Oliver, 466 U.S. at 174. Since Rapanos, however, a district court within the Sixth Circuit has held that when officers observe evidence of illegal activity in open fields (such as growing marijuana plants), they may seize that evidence if the "plain view" exception to the warrant requirement is applicable. United States v. Waterfield, 2006 U.S. Dist. LEXIS 37630 (S.D. Ohio 2006); see also United States v. Benish, 5 F.3d. 20 (3rd Cir. 1993); United States v. Perry, 95 Fed. Appx. 598, 601 (5th Cir. 2004). In Waterfield, the district court held that "[a]lthough open field observation does not automatically give the Government the right to seize contraband, it does not prohibit the Government from applying other well-established constitutional doctrines to the situation- namely the warrantless seizure of items in plain view." Id. at *22. Here, the Court agrees that if the plain view doctrine supports the warrantless seizure of the marijuana plants, the evidence should not be suppressed.

The plain view doctrine allows for warrantless seizures where 1) the agent was in a lawful place; 2) the object was in the officer's plain view; 3) the incriminating nature of the object was immediately apparent to the officer, that is, he had probable cause to believe the object was contraband or evidence of a crime; and 4) the officer had a lawful right of access to the object itself. United States v. Frederick, 152 Fed. Appx. 470, 472 (6th Cir. 2005) (citing Horton v. California, 496 U.S. 128, 136-137 (1990). Here, the officers were in lawful positions both when 1) they were in the Defendant's residence and and barn (pursuant to the warrant); and 2) they were searching the open

fields of the farm (pursuant to the open fields doctrine). The evidence also establishes that once the officers were in their lawful positions on the farm, growing marijuana plants were in plain view to them. Thirdly, the investigating officer in this case testified that, due to his training and experience, he immediately recognized the plants they seized as illegally growing marijuana plants. See, e.g., United States v. Raines, 243 F.3d. 419, 422 (8th Cir. 2001) (noting that the plain view doctrine would have permitted an officer to seize marijuana plants in a defendant's backyard without a warrant because the officer's training and expertise made the incriminating nature of the plants immediately apparent). Finally, the Sixth Circuit has held that the fourth and final requirement of the plain view exception - that the officers must have a lawful right of access to the object itself - is meant to guard against warrantless entry onto premises whenever the contraband is viewed from off the premises. Here, the officers had a lawful right to access the growing marijuana plants since they were already legally on the premises where the marijuana was growing.

Accordingly, the Court holds that the Government's warrantless search and seizure of the growing marijuana plants on the Defendant's farm did not violate the Defendant's Fourth Amendment rights because 1) the search of the farm was valid pursuant to the open fields doctrine and 2) the seizure of the marijuana plants was valid pursuant to the plain view exception to the Fourth Amendment's warrant requirement.

**C. The Defendant's Statements**

Finally, the Defendant argues that any statements he made to police during the search of his property on September 5, 2006, should be suppressed. However, the evidence indicates that the Defendant was informed of his Miranda rights and voluntarily waived them. There was no suggestion at the evidentiary hearing that the officers used coercive tactics to obtain information

from the Defendant. Where a defendant voluntarily, knowingly and intelligently waives his Miranda rights, his subsequent incriminating statements are admissible at trial. See, e.g., Miranda v. Arizona, 384 U.S. 436 (1966); United States v. Walls, 116 Fed. Appx. 713, 718 (6th Cir. 2004); Machacek v. Hofbauer, 213 F.3d. 947, 954 (6th Cir. 2000). Accordingly, the Court denies the Defendant's motion to suppress these statements.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to suppress the evidence obtained during the search of his property on September 5, 2006 is **DENIED**.

cc: Counsel of Record